IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNARD M. PARKER, | ) | |
| | ) | |
| Petitioner, | ) | Criminal Action No. 15-253 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Petitioner's Motion (Doc. 214) under 28 U.S.C. § 2255 will be dismissed as untimely. An evidentiary hearing is unnecessary because the filings of record show that Petitioner is not entitled to relief.

As indicated in the government's response, Defendant's one year deadline for filing a 2255 motion expired, at the latest, in September 2020. *See* Doc. 216 at 3. Defendant's Motion, filed in November 2022, is facially – and significantly − untimely. He has not met the high bar regarding the "actual innocence" exception,[1] nor has he identified any grounds for equitable tolling. The only explanation provided for the delay is Defendant's assertion that he previously "was unaware of the facts [currently] presented." Doc. 214 at pg. 12 of 13. Defendant has failed to show, however, that "extraordinary circumstances . . . stood in the way of his [timely] filing"; or that any fact now alleged previously was undiscoverable through an exercise of reasonable

---

[1] *See* Reeves v. Fayette SCI, 897 F.3d 154, 161 (3d Cir. 2018) ("[the] actual innocence standard is demanding[,] and [is] satisfied only in the rare and extraordinary case where a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial") (internal quotations and citation to quoted source omitted).

diligence.  See U.S. v. Mathis, 2017 WL 3782988, *2 (W.D. Pa. Aug. 31, 2017) (citation to quoted and other binding authority omitted).[2]

Accordingly, Defendant's 2255-Motion (**Doc. 214**) is **DISMISSED** as untimely. No certificate of appealability will issue because jurists of reason would not find the Court's conclusions debatable.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

February 10, 2023                                       s\Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States District Judge

cc (via First-Class U.S. Mail):

Bernard M. Parker
USMS 36352068
550 Philadelphia Street
Apt. 4
Indiana, PA  15701

cc (via ECF email notification):

All Counsel of Record

---

[2] Defendant's grievances, in large part, appear to stem from his having scoured trial exhibits for potential inconsistencies.  See, e.g., Doc. 214 at pgs. 4-8 of 13.  Although Defendant claims not to have possessed, or known of, the information in question, evidence available at trial is not "newly discovered" merely because Defendant, pro se, later identifies additional putative theories of defense.  See Rad v. U.S., 2017 WL 6643811, *3 (D. N.J. Dec. 29, 2017) ("evidence at trial, . . . available to [the defendant] and trial counsel[,] . . . is not 'newly discovered evidence'") (citing and quoting U.S. v. Jasin, 280 F.3d 355, 362 (3d Cir. 2002)).